Paul M. Carrick
110 Silverline Road
Los Gatos, CA 95033

US Court of Appeals
PO Box 1939
San Francisco, CA 94119-3939

## United States Appeals Court

## Ninth Circuit

Paul M. Carrick,

  Plaintiff,

 vs.

Santa Cruz County et al.,

  Defendant

Case No 13-16730

REPLY BRIEF

(fmr Dist Case No.: CV-12-03852-LHK)

## TABLE OF CONTENTS

HISTORICAL OVERVIEW   4

AJUDICATION COMPLETE   6

LAND LAW: BACKGROUND   12

NO CONSULTATION OF LAND PATENTS   14

MISSLEADINGS ADDITIONS   15

COUNTY OFERS NO OPPOSITION TO HOMESTEAD CERTIFICATE 4889   18

COUNTY'S CASE CONSISTS EQUITABLE CONSIDERATIONS   19

LAND PATENTS ARE TO ENCOURAGE LAND DEVELOPMENT   19

MUCH MORE THAN BILL OF SALE   20

COUNTY REQUESTED PUNITIVE IMPRISONMENT   21

RECORDING GRANTS WITH LIENS SLANDERS TITLES   22

LIES OF COUNTY EXPOSED BY HOMESTEAD CERTIFICATE 4889 24

NO NEW CLAIMS ADDED IN SECOND AMENDED COMPLAINT      25

CONCLUSION                                          25


STATEMENT OF RELATED CASES                          10

## STATUTES

Deuteronomy 19:14                                   13

Leviticus 25:23                                     12

California Civil Code 1066-1072                     14,16

California Government Code 27297                    23

Santa Cruz County Code 1.12.070                     16

28 USCS 1441                                        11

28 USCS 2409a                                       11

28 USCS 1983                                        15

42 USCS 15                                          7

## CASES

Coeur D'Alene Tribe of Idaho v. Hammond,            9
 384 F. 3d 674 C.A.9 2004, Aug. 19, 2004.

Fisher v. Ruder, 248 U.S. 314,318 ( 1919)          21


City of Los Angeles v. Venice Peninsula Properties,
 31 Cal 3d 288                                      9

Gibson v. Chouteau, 80 U.S. 92, 1871                9

U.S. v. Mendoza, 464 U.S. 154, 104 S.Ct. 568,       9
 78 L.Ed, 2d 379 ( 1984)

Hooper v. Schiemer, 64 U.S.( 123 How) 235 ( 1859) 6,13

Cisholm v. Georgia, 2 U.S. 415 ( 1793)                    6,13

Close v. Stuyvesant, 132 HI 607, 617, ( 1890)            19

Langdon v. Sherwood, 124 U.S. 74, 81 ( 1884)            19

Miller v. Little, 47 Cal 348, 351 ( 1874)               20


Putnam v. Ickes, 78 F. 2d 233, denied 296 U.S. 612 (

1935)16

Sanford v. Sanford,
 139 U.S. 642, 11 S.Ct. 666, 35 L.Ed. 290             23

Younger v. Harris ( 1972) 91 S.Ct. 746                  8

**OTHER**

Act of Congress, Mar. 3, 1851,et seq 1891               10

Homestead Certificate 4889

      4,6,7,8,10,13,14,15,17,18,19,20,23,24,25

United States Public Law No. 94-549, 1976, Sec.70 11,18

Hayden-Cartwright Act                                   10


Land Patent Opinions of the United States Attorney
General's Office ( Sept. 1964)                       19,21

Homestead Act 12 Stat 392, 37th congress,1862

                                          10,15,18,20

Treaty of Guadalupe Hidalgo 9 Stat 922, ( 1848)       10

United States Constitution              4,5,8,10,13,26

California Constitution              5,8,18,19,26

SUPPLEMENTAL EXCERPTS OF RECORD, VOL. 1    7,10

SUPPLEMENTAL EXCERPTS OF RECORD, VOL. 2    15

CERTIFICATE OF SERVICE                                    27
ATTACHMENT:  ORDER GRANTING COUNTY'S AUTHORITY TO
ABATE, October 10, 2013                                   28

**HISTORICAL OVERVIEW**

In their ANSWER, Defendants repeat old arguments previously brought up in District Court and address none of the essential issues brought up in the District Court case CV 12-03852 nor the errors brought up by the APPEAL BRIEF.  These errors emanate from local ignorance of and abuse of Homestead Certificate 4889 as well as probable intentional mischievous intent.  The Plaintiff addressed inapplicability of collateral estoppel in APPEALS BRIEF p. 22,37 with numerous citations.  The County simply repeats its, non-statutory laws, ( doc 8:135-144), not acknowledging that they are pre-empted by and conflict with state and federal law.  The County never acknowledges, 1), the Constitutional restriction of States to state affairs, APPEAL BRIEF pg. 13,14;  2) Specific protections contained in Land Patent 4889 directly conflict with Santa Cruz County Codes, APPEALS BRIEF pg. 12,21; 3)

the declaration of the California's Attorney General of Constitutional violation of Building Codes of separation of powers by the Constitutions of the United States and California, APPEALS BRIEF pg. 19,29; 4) lack of compliance with Santa Cruz County with the California legislature's attempts to remediate government violation of separation of powers in building codes by a citizen's Appeal Board, APPEALS BRIEF pg. 19,20; 5) Depriving Voters of Santa Cruz County of their Constitutional rights to decide County's institution of the Planning Department, APPEALS BRIEF pg. 20.

Santa Cruz County defendants answer none of the County's offenses against rights, privileges, and immunities which the Land Patent authorizes.  The offenses are same complaints 1-32 as in the Complaint submitted to the District Court August 2012. Land Patents are intended by Congress to support the U.S. Constitution, Hooper v. Schiemer, 64 U.S.( 123 How) 235 (  1859).

The fact that all of the Defendants have taken oaths to uphold the laws of the California and the United States, Lack of mention of federal law Land Patent 4889 and its case law support in its ANSWER implies that they do not wish to ruled by the laws of the United States of America.  Are the Santa Cruz County defendants so out-of-touch with the government of the United States that they do not know that in its beginning years it replaced a tyrannical king as sole sovereign with every man being a sovereign?  Cisholm v. Georgia, 2 U.S. 415 ( 1793).

**AJUDICATION COMPLETE**

Except for legal interpretation of Homestead Certificate 4889 and the October 10, 2013, ORDER CONFIRMING THE COUNTY'S AUTHORITY TO ABATE, the County of Santa Cruz has long since finished deciding this case.  No 'res judicata,' ( already judged), is possible in the present case because the judgment has not yet included above mentioned recitation of the Homestead Certificate 4889 grant's covenants,

SUPPLEMENTAL EXCERPTS VOL.1, 8193,103.  The ORDER

GRANTING SANTA CRUZ COUNTY'S AUTHORITY TO ABATE, (

attached), exceeds the limits of the original April 9,

2010, Order and is case H040261 in California Court of

Appeals, Sixth District. The grantee, the Plaintiff,

must be first considered before the equitable

considerations of the April 9 Order may be considered,

APPEAL BRIEF pg. 16.

    Since Summary Judgment in August 29, 2009, the

Plaintiff continues to deny that the County of Santa

Cruz has jurisdiction over his property under Homestead

Certificate 4889.  Santa Cruz County's Complaint should

be directed at the United States whose legislature

created and whose President executed Certificate 4889

releasing from federal ownership, defining 4889

Appurtenant rights, which seem to be the source of the

County's complaint, are seen protected by 42 USC 15

case history as well as by wording of Homestead

Certificate 4889 itself.  The unjust and illegal fine

and punishment by Santa Cruz County for my compliance

with Homestead Certification 4889 is long since under-

way.  Many similar cases to this one have been listed

in the APPEAL BRIEF.  One would have to be incredulous

to consider that res judicata, collateral estoppel, the

Rooker-Feldman, doctrine Younger-absention doctrine, or

the umbrella Full Faith and Credit has any longer any

restraint to prosecute the Santa Cruz County defendants

in the Ninth Circuit Appeals Court for their willful

disobedience to the Laws and Constitutions of

California and the United States.  Objections have been

renewed throughout this case.  Justice Douglas in his

minority dissenting opinion in Younger v. Harris (

1972) 91 S.Ct. 746, stated " Equity jurisdiction will

be exercised to enjoin the threatened enforcement of a

state law which contravene the federal Constitution

whenever it is essential in order effectually to

protect property right and the rights of persons

against injuries otherwise remediable; and in such a

case a person, who is an officer of the state is

clothed with the duty of enforcing its laws and who

threatens and is about to commence proceedings, either
civil or criminal." This present case is such a case
as Justice Douglas was talking about.

Now the County seeks to destroy the Plaintiff's
property, ( see the attached ORDER GRANTING COUNTY'S
AUTHORITY TO ABATE, October 10, 2013). Destruction of
the Plaintiff's homestead by a local municipality is
not tolerated by Congress, City of Los Angeles v.
Venice Peninsula Properties, 31 Cal 3d 288; Gibson v.
Chouteau, 80 U.S. 92, 1871. In the above two cases,
Venice Peninsula would have lost an irreplaceable
habitat and Chouteau would have lost his homestead had
federal court not intervened.

More on point is Couer D'Alene Tribe of Idaho v.
Hammond, 384 F. 3d 674 C.A.9 2004, Aug. 19, 2004.
Noting that the U.S. Supreme Court rejected the claim
of collateral estoppel against the government in U.S.
v. Mendoza, 464 U.S. 154, 104 S.Ct. 568, 78 L.Ed, 2d
379 ( 1984)commenting that "the Government was situated
differently from private parties for issue preclusion."

The immediate to collateral estoppel was the Hayden-Cartwright Act that protected Indians.  They used the Homestead Act as collateral precedent in their decision in favor of the Indians.

Just as the Hayden-Cartwright Act defends treaties with Indians, the Homestead Certificate 4889 defends Treaty of Guadalupe Hidalgo with Mexico and is separated from State jurisdiction by U.S. Constitution Art.1 Sect. 10 Cl. 1.

Because the Homestead Certificate 4889 is not attributable to the above defendants, ( because none of them were around in 1890 to object to the covenants included in Thomas Maymen's Homestead Certificate 4889)( see SUPPLEMENTAL EXCERPTS OF RECORD VOL 1:81,93,103), and therefore was handled in a separate federal case, CV 13-01642.  [1]This case was handled by the same judge, who apparently continued to disbelieve even that the Homestead Act is any longer viable despite citation of United States Public Law No. 94-

---

[1] Act of Congress, March 3, 1851, covenant final time

549, 1976, Sec. 701, ( Doc 104-15). That case was

dismissed as well and is being appealed to the Ninth

District as H2-CV-230542. Because of the difference of

parties, the present case being appeal is not res

judicata against this Quiet Title Action. In 28 USCS

2409a, the government gives up its sovereignty so that

the deficiency in the eyes of Santa County in Homestead

Certificate 4889 that the Santa Cruz County supervisors

failed to object to in 1890, lack of a requirement for

obtaining building permits by Thomas Maymen, may be

addressed. Prior to this case being Dismissed by

District Court and Appealed by the Plaintiff, the

County of Santa Cruz acceded to the Plaintiff's Notice

for Removal under 28 USCS 1441 on April 10, 2013. The

Plaintiff continues to assert Notice of Removal to

Ninth Circuit Appeals Court. Notice of Transfer was

brought up in APPEALS BRIEF pg. 9. The County did not

mention it in their ANSWER.

## LAND LAW: BACKGROUND OF LAND PATENTS IN AMERICAN HISTORY

Both and Santa Cruz County and U.S. District Court seem to misunderstand United States Land Law. They seem to regard it as the source of city parcels which are bought and sold like chattels. Rural land and city land are as different as apples and oranges. Rural land owners have to provide most of their own services whereas city owners simply plug into a shared service infrastructure consisting of roads, electricity, water.

Being a surveyor, the father of our country, George Washington set up a system of land conveyancing and possession when no infrastructure existed. It is based on Biblical land law in which all land is possessed but none is owned[2] in the sense that chattels are owned. Therein, Land and its appurtenances are possessed only by assignment. Assignment can be by inheritance or by transfer of the assignability. The transfer is accomplished either by grant or by putting up a

---

[2] Leviticus 25:23

valuable consideration.  Assignment of possession is forever.  Boundaries of assigned tracts are permanent[3] and arranged in a vast grid of square townships which cover the parts North America which lie in the United States.  Boundaries left by previous occupants -- Indians, Spanish, and French—lines between various landmarks such as trees and streams, Chisholm v. Georgia, 2 U.S. 415, ( 1793).  There is no foreclosure for payment of debts, U.S. v. McKenzie Co, N.D. 187 F. Supp. 470.

The APPEAL BRIEF, pg 9-14, shows by citation that Land Patents, in general, and Homestead Certificate 4889, in particular, establish the Constitution of the United States.  They rid the federal government of unclaimed land by Art. IV Sect III Cl II, but provide statutory support to Art. 5 of the Bill of Rights and Art. 14 of Due Process, Hooper v. Schiemer, 64 U.S.( 123 How) 235 ( 1859).

---

[3] Deuteronomy 19:14 but without Leviticus 25:10 jubilee.

## NO CONSULTATION OF HOMESTEAD CERTIFICATE 4889

The Superior court records offered by Santa Cruz County's Judicial Notice to Federal District Court supporting their contentions of violations by the Plaintiff on his property and his owning money as a result are proof that no requirements of Homestead Certificate 4889 were ever consulted.  California Civil Code 1066-72, Interpretation of Grants, prescribe necessary steps for that should have occurred. Homestead Certificate 4889 along with all land patents is a grant, APPEAL BRIEF p6.  There must be recitation of its covenants before any equitable action on the property can occur.  For instance, how does the County even know that the Plaintiff even owns the property? Only Homestead Certificate 4889 and the chain of title leading to the United States proves the Plaintiff's ownership.  Recitation of Homestead Certificate 4889 covenants was begun in the May 11, 2006, Protest Meeting mentioned below.

How many appurtenant rights were violated by the County?  Both the FAC and SAC list many.  The County's

own documents given Judicial Notice, prove its own

legal violations by its through action against the

Plaintiff.  Initial Declarations include the beginning

of proof of complicity per FRCP 9(b) by the Defendants

in violating the Plaintiff's civil rights, 28 USCS

1983.  Proof will be completed if and when Discovery

begins.

That the Homestead Act was designed to protect

farms was a subject of the Plaintiff's APPEALS BRIEF.

The County never showed how their actions do anything

but destroy the viability of the Plaintiff's farm by

their illegal attacks against it.  Discovery will also

prove that.

## MISSLEADINGS ADDITIONS

The MISLEADINGS section of APPEAL BRIEF,

November 14, should have included the fact that the

initial presentation of Homestead Certificate 4889 and

its requirements were made in an administrative

meeting, ( Protest Meeting), on May 11, 2006,

preparatory to Summary Judgment and Trial,( VOLUME 2

SUPPLEMENTAL EXCERPTS OF RECORD, page 132). No minutes were kept of that meeting contrary to County Code 1.12.070 (D), (doc 65-140). The meeting's Administrator was not qualified, ( doc 65-140). The Letter of Determination which the administrator was supposed to write, ( see above), was written by someone who had not even attended the meeting.

The Letter of Determination opposed Land Patents in general as if they were arguments being put forth against municipal governments and not United States law and muniments of private property. The County's case consists of "equitable doctrines," Doc 104-14. There is little equitable about grants such as land patents. By California Civil Code 1069, they are all for the benefit of the grantee:

"A grant is to be interpreted in favor of the grantee, except that a reservation in any grant, and every grant by a public officer or body, as such, to a private party, is to be interpreted in favor of the grantor. "

The Plaintiff offered his personal notes about what occurred in the May 11, Protest Meeting as evidence in the Trial of November 9, 10, 2006, but they were not accepted.

This administrative meeting was yet one more deception by the County of Santa Cruz to later serve it in winning its Superior Court decision against the Plaintiff.  The meeting, the Letter of Determination, and lack of qualification of the participants were objected to at the trial.  They were not brought up again in this Appeal or in the District Court case except to establish that Homestead Certificate 4889 was brought up at the Superior Court of California trial and ignored by that Court.

Taken together, its deceptive practices are a web of entrapment of property owners of the County:  1. "as built" building permits unapproved by State of California.  2. Notice of Violation forms are plagiarized from California County Recorders Association.  3. Conglomeration of Planning Department

and Building Department is unapproved by Santa Cruz County voters as required by California Constitution. 4. Lies that Homestead Act cancelled.  5. Lied about pending agreement with County.  There are many more frauds perpetuated by the Defendants and their cohorts which verifiable by inspection of Records and possibly traceable to their sources.

## COUNTY OFFERS NO OPPOSITION TO HOMESTEAD CERTIFICATE 4889

The Plaintiff had 97 Land Patent citations in his Appeal Brief.  The County offered one Land Patent citation that was discontinued and falsely claimed the rest were also discontinued.[4]

Santa Cruz County's case consists entirely of equitable arguments and selected County Codes of

---

[4] United States Public Law No. 94-549, 1976, Sec. 701

unconfirmed authenticity and dubiously representative of California State Law.[5]

## COUNTY'S CASE CONSISTS OF EQUITABLE CONSIDERATIONS

The County claims its action is "essentially one in equity and the relief sought depends upon the application of  equitable doctrines" in its opposition Jury Trial, Doc 104-14.

But "no equitable interest however strong, to land described in such a patent, can prevail at law against the patent," Land Patent Opinions of the United States Attorney General's Office, ( Sept 1969).

But "State statutes that give lesser authoritative ownership of title than the patent, cannot even be brought into federal court,"  Langdon v. Sherwood, 124 U.S. 74, 81 ( 1884).

_____

[5] Santa Cruz County is a General Law County and by California Constitution Art. 11 Sect. 6, this obligates it to State Law and no more.

## LAND PATENTS ARE TO ENCOURAGE LAND DEVELOPMENT

Homestead Certificate 4889 contains the words of the Homestead Act of May 20, 1862, "To secure Homesteads to actual Settlers on the Public Domain," as its purpose.  That means build things.  Every homestead needs a home.

Case law supports this purpose of land patents. "actual settlers upon the land," Close v. Stuyvesant, 132 HI 607, 617, ( 1890).  "a wise policy, tending to encourage settlement, and to develop the resources of the country," Miller v. Little, 47 Cal 348, 351 ( 1874).

The County would have us believe the purpose of the Homestead Act is selling land so that different parties do not gain title to the same tract.  The District Court specifically excludes the appurtenant rights from Land Patent 4889,

## MUCH MORE THAN BILL OF SALE: HOMESTEAD CERTIFICATE 4889

The APPEAL BRIEF shows that Homestead Certificate 4889 also protects the property disputed in the present case.

"No equitable interest, however strong, to land described in such a patent, can prevail at law against the patent," Land Patent Opinions of the United States Attorney General's Office ( Sept. 1964).

"Patentee can be deprived of his rights only by direct proceedings instituted by the government," Putnam v. Ickes, 78 F. 2d 233, denied 296 U.S. 612 ( 1935).

"A United States patent is protected from easy third party attacks," Fisher v. Ruder, 248 U.S. 314,318 ( 1919).

### COUNTY REQUESTED PUNITIVE IMPRISONMENT

County's requested imprisonment was punitive, not coercive.  1) Once imprisonment for contempt is imposed for completed act of disobedience, it is punitive and criminal ;and can never again pass as being coercive. 2) Fixed term imprisonment wherein the "captive holds the keys to his cell in his pocket" is coercive but an unconditional sentence forever, as the County requested

is punitive, International Union, United Mineworkers v. Bagwell ( 1994), 512 U.S. 821, 828.  "character and purpose" of the sanction for benefit of complainant is punitive rather than vindicating the authority of the court, Gompers v Buck's Stove and Range, 221 U.S. 418, 31 S.Ct. 492, 1911.  3) There was no way the plaintiff could afford the hundreds of thousands of dollars of architectural development demanded by the Court.  Judge just said "get a loan," ( contrary to ANSWER pg 26). The Plaintiff could not choose to get a permit as ordered.  The imprisonment was punitive.

## RECORDING GRANTS WITH LIENS SLANDERS TITLES

"In an action to foreclose as a mortgage an absolute deed to secure purchase from the plaintiffs, evidence held to show that the deed was not intended to secure purchases after a certain date," Keese v. Beardsley, 190 Cal. 465, 513 P. 500 CA 1923. ABSTRACT OF JUDGMENT was in fact recorded against the Plaintiff's land rather than the Plaintiff so that the County could foreclose later on in order to obtain

payment.  Land Patent is absolute deed to land and foreclosure should not be possible, ANSWER, pg 24,25. The separation of grants and liens in the Recorders Office is useful to remind creditors when foreclosure should not be possible.  Liens are an instrument in courts of equity wherein land patents ought not to be judged, Sanford v. Sanford, 139 U.S. 642, 11 S.Ct. 666, 35 L.Ed. 290, APPEAL BRIEF pg. 13.

California Government Code 27297 directly weakens property values when dishonest county employees defendants manipulate property titles in County Records.

27297: "For purposes of this article, a certificate describing real property and any lien thereon claimed pursuant to law for the costs of abatement of a nuisance upon such property, is an instrument affecting the title to or possession of such property."

The Defendants in this way are liable for Inverse Condemnation in the SAC.  ANSWER pg 24.

## LIES OF COUNTY EXPOSED BY HOMESTEAD CERTIFICSATE 4889

There is no State law against unpermitted building and  as a common law county, Santa Cruz cannot add to State laws; so instead the County distorts the laws in order to use nuisance laws against unpermitted buildings: 1) Make private residences into public nuisances;  2) Lack of Building permit violations are not found in State land law; 3) Ignore property covenants.  Almost all property titles protect appurtenances which are houses.  Together with California Civil Code 3482, houses are even prohibits them from being called nuisances.  Similarly, Title covenants for railroad property make impossible for communities to legally stop train whistles by calling them nuisances.  If communities decide that there are too many buildings, they cannot start calling them nuisances in order to justify demolishing them, ( as Santa Cruz County had done with the Plaintiff's buildings—see attached ORDER).  ANSWER pg 25, APPEALS BRIEF pg 24,25,34, SUPPLEMENTAL EXCERPTS pgs 125-134.

**NO NEW CLAIMS ADDED IN SECOND AMENDED COMPLAINT**

No new claims were added, but only existing ones were strengthened.  Homestead Certificate 4889 by itself makes the Superior Court contempt order and liens against the property illegal for the above reasons.  The SAC provided case law support against the contempt order and against judgment liens against patented property.  Other supporting facts could have been added against the contempt order, ( see above) and the liens, but the 4889 by itself is sufficient.  The District Court erroneously Dismissed SAC by not consulting Public Law 94-579 Sect. 701.  ANSWER pg 26.

**CONCLUSION**

Santa Cruz County stands against public policy, legislative intent, and the overwhelming majority of case law.  If Santa Cruz County would conform to accepted principals of interpreting grants it would find that the law of Homestead Certificate 4889 is res judicata applied to the Plaintiff's Silverline Road property.  That prevents County's case, Doc 65, from be res judicata itself.

This county needs to apply Constitutional Separation of Powers per California Constitution 11 sec.4 cl. E. to legalize its own government and should not stray out of their jurisdiction worrying whether housing of property owners of the county have "legalized" their own dwellings or not.  The Complaint, SAC, lodged in Federal Court lists actions which need to be taken by Santa Cruz County including by the author of the ANSWER, who is a defendant, to conform it's government the standards of the California Constitution and United States Constitution.

The 9th Appeals Court should correct the legal oversights of District Court and respond judgmentally to the County's incredulous response to the Plaintiff's many substantial complaints against their actions backed by case law.  It is an insult to the many past judgments by past U.S. Courts against over-reaching State and County governments not to apply them against the egregious transgressions of Santa Cruz County.

Word Count Certificate:  3952 words

/s/Paul M. Carrick

| 9th Circuit Case Number(s) | 13-16730 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) 12-21-2013 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)     s/Paul M. Carrick

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) 12-21-2013 .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)     s/Paul M. Carrick